## ANDERSON v STATE ex BELL

Ohio Appeals, 2nd Dist, Montgomery Co

No 1179. Decided May 16, 1933

Charles W. Folkerth, Dayton, for plaintiff in error.

D. H. Wysong, Dayton, for defendant in error.

## OPINION

By KUNKLE, J.

With the possible exception of the first and seventh paragraphs of the motion, we think it sufficient to say that the grounds of the motion could be supported only by a consideration of the record as to what transpired during the trial. There is no bill of exceptions presented and in the absence of a bill of exceptions the second, third, fourth, fifth and sixth grounds of the motion for a new trial can not be considered. We can be advised as to what transpired during the trial only through a properly signed bill of exceptions.

We find nothing in the record presented which would support a new trial upon either the first or the seventh grounds of the motion.

It appears from the transcript of docket and journal entries that this case was formerly tried and the jury returned a verdict in favor of plaintiff in error. On motion for a new trial that verdict was set aside and a new trial granted. In the absence of a bill of exceptions showing what transpired in the first hearing we would be reqired to assume that the court properly sustained the motion for a new trial. The motion for a new trial was granted during the same term in which the verdict was returned. We are not advised by the record as to what hearing was had upon the plea of abatement and in the absence of a second showing the nature of such hearing and the testimony presented in support of and against the plea of abatement, we would be required to assume that the plea of abatement was properly overruled.

Plaintiff in error and defendant in error in their briefs have given us their version of what transpired, but as the briefs form no part of the record, we are not authorized to consider the same. Finding no error in the record which we consider prejudicial to plaintiff in error the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.